**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

Date Submitted: January 3, 2024
Date Decided: April 1, 2024

Daniel Jaiyong An
27 Calle Orta 3D Apt.
Cond Los Nardos A
San Juan, Puerto Rico 00907

A. Thompson Bayliss, Esquire
Ben Lucy, Esquire (*pro hac vice*)
Abrams & Bayliss LLP
20 Montchanin Road, Suite 200
Wilmington, Delaware 19807

RE:    *Daniel Jaiyong An v. Archblock, Inc.*,
         C.A. No. 2023-0754-BWD

Dear Counsel and Mr. An:

I write regarding the plaintiff's exceptions to the Magistrate in Chancery's Final Report in this books and records action. Magistrate David determined that the plaintiff lacks a proper purpose to inspect Archblock, Inc.'s documents. After conducting a de novo review, I adopt the Final Report and overrule the exceptions.

## I.    BACKGROUND

Plaintiff Daniel Jaiyong An is a co-founder and former Chief Executive Officer of Archblock f/k/a TrustLabs, Inc.[1]  On July 1, 2023, he sent Archblock a

---

[1] Verified Compl. to Compel Inspection of Books and Records Under 8 *Del. C.* § 220 (Dkt. 1) ¶ 2.

books and records demand pursuant to 8 *Del. C.* § 220.[2]  The stated purpose of his demand was to investigate Archblock's "decision to remove the domicile of the [c]ompany from Delaware to Switzerland without any justification."[3]  On July 7, Archblock's counsel sent An a letter rejecting the demand.[4]

On July 14, An filed a ten-count complaint in this court (the "Plenary Action") that includes claims for breach of contract, waste, and "oppression of minority shareholder."[5]  This complaint details alleged wrongdoing by Archblock directors and officers and challenges the company's redomestication in Switzerland.[6]  An also filed a motion to expedite and a motion for a TRO in the Plenary Action.  After a hearing on July 21, I denied both motions.[7]

Four days later, on July 25, An filed a complaint pursuant to Section 220 (the "220 Complaint").[8]  Archblock moved to dismiss the 220 Complaint because the

---

[2] *Id.* Ex. 1.

[3] *Id.* at 2-3.

[4] *Id.* Ex. 2.

[5] Verified Compl., *An v. Cosman et al.*, C.A. No. 2023-0715-LWW (Del. Ch. July 14, 2023).

[6] *E.g.*, *id.* ¶¶ 16-18, 174, 283-88.

[7] *An v. Cosman et al.*, C.A. No. 2023-0715-LWW, at 49-56 (Del. Ch. July 21, 2023) (TRANSCRIPT).

[8] Dkt. 1.

filing of the Plenary Action made An "unable to tender a proper purpose" for inspection.[9] Magistrate David determined that "compelling circumstances exist[ed] to permit case dispositive briefing on the motion."[10] Motion to dismiss briefing ensued.

On November 7, Magistrate David issued the Final Report, holding that the 220 Complaint should be dismissed with prejudice.[11] An took exception to the Final Report.[12] Briefing in support of and in opposition to those exceptions was timely filed and complete as of January 3, 2024.[13]

## II.    ANALYSIS

The Court of Chancery applies a de novo standard of review when resolving exceptions to a Magistrate's final report.[14] The exceptions are reviewed "on the record before the Magistrate in Chancery, unless the Court determines otherwise for

---

[9] Def. Archblock, Inc.'s Br. in Supp. of its Mot. to Dismiss Pl.'s Verified Compl. (Dkt. 10) 13-15.

[10] Stipulation and Order Governing Briefing on Def.'s Mot. to Dismiss (Dkt. 16) 3.

[11] Final Report (Dkt. 19) 8.

[12] *See* Notice of Exceptions (Dkt. 20).

[13] *See* Dkts. 22-24.

[14] *See* Ct. Ch. R. 144(a); *DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999).

good cause shown."[15]  A new hearing is unnecessary, as the exceptions do not raise issues requiring credibility determinations.[16]

Magistrate David concluded that "the 220 Complaint must be dismissed as a matter of law because Plaintiff has already filed a plenary action challenging the same purported wrongdoing that he seeks to investigate through the [d]emand."[17] Her well-reasoned decision relied on the settled notion that "once a stockholder commences plenary litigation, discovery rules dictate what information relevant to its claims the stockholder may receive and when the stockholder may receive that information."[18]  She observed that "policy considerations" that could support a continued right to books and records were absent because An's "claims in the Plenary Action are brought on an individual basis."[19]

---

[15] Ct. Ch. R. 144(e).

[16] *See DiGiacobbe*, 743 A.2d at 184.

[17] Final Report 8.

[18] *Id.* at 8-9 (quoting *CHC Invs., LLC v. FirstSun Cap. Bancorp*, 2019 WL 328414, at *2 (Del. Ch. Jan. 24, 2019)).

[19] *Id.* at 13 n.7 (distinguishing *King v. VeriFone Holdings, Inc.* because it "involved derivative claims that import policy considerations not implicated by" the plaintiff's direct, individual claims (citing 12 A.3d 1140 (Del. 2011))).  An argues that the Magistrate incorrectly applied the motion to dismiss standard by considering the complaint in the Plenary Action.  But the court may take judicial notice of "filings in a pending derivative action that [the plaintiff] commenced before seeking books and records." *Baca v. Insight Enters., Inc.*, 2010 WL 2219715, at *1 (Del. Ch. June 30, 2010).  Further, the 220 Complaint incorporates the plenary complaint by reference and the court may take judicial

An avers that the Final Report overlooked the properness of his alleged purposes for inspection.[20] Not so. The Final Report correctly held that An lacks a proper purpose as a matter of law because the Plenary Action remains pending. The 220 Complaint cannot proceed because An "has already filed" claims "challenging the same purported wrongdoing that he seeks to investigate" through his books and records demand.[21]

An next argues that the Final Report disregarded an alleged valuation purpose, which was raised in the 220 Complaint but absent from his demand.[22] As Magistrate David recognized, however, An "may not expand his [d]emand through litigation."[23] This court does not consider purposes that are "not stated in the [d]emand."[24]

---

notice of filings in the Plenary Action. *See In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 169 (Del. 2006).

[20] Pl.'s Obj. to Magistrate Report (Dkt. 22) ("Opening Br.") 5-7.

[21] Final Report 8.

[22] Opening Br. 7.

[23] Final Report 10-11.

[24] *Id.* (quoting *Grimm v. Stem, Inc.*, 2014 WL 5319597, at *1 n.3 (Del. Ch. Oct. 13, 2014)); *see also Fuchs Fam. Tr. v. Parker Drilling Co.*, 2015 WL 1036106, at *4 (Del. Ch. Mar. 4, 2015).

An insists that he cured this deficiency by serving another books and records demand on Archblock.[25] His effort comes too late to save the 220 Complaint.[26] In any event, Rule 144 confines An's exceptions to the record before the Magistrate. The new demand is not a part of it.

## III. CONCLUSION

For the reasons explained above, the plaintiff's exceptions are overruled. The Final Report is adopted and affirmed. To the extent necessary for this decision to take effect, IT IS SO ORDERED.

Sincerely yours,

*/s/ Lori W. Will*

Lori W. Will
Vice Chancellor

---

[25] Opening Br. 8; *id.* Ex. 2.

[26] *See Fuchs*, 2015 WL 1036106, at *4 (rejecting a "late" attempt to "expand" an inspection).